IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS LEO WYNNE,<br><br>Defendant. | CR 22–40–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Douglas Leo Wynne's Unopposed Motion for Early Termination of Supervised Release. (Doc. 49.) Mr. Wynne was adjudged guilty of possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count 2) and prohibited person in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(3) (Count V). (Doc. 36 at 1.) The United States dismissed the remaining counts of the Indictment. (*Id.*) On February 22, 2023, the Court sentenced Mr. Wynne to two concurrent terms of 24 months imprisonment, with two concurrent three-year terms of supervised release to follow. (*Id.* at 2–3.) Mr. Wynne completed his term of imprisonment on August 30, 2024. (Doc. 50 at 2.) As of the date of this Order, he has completed approximately 25 months of his three-year term of supervision. He now seeks termination of the remaining term of supervised release. (Doc. 49.) The United

States has no objection to this Motion. (*Id.*) U.S. Probation Officer Brian Hogan supports the motion. (Doc. 50 at 1.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Wynne began his term of supervised release on August 30, 2024 (Doc. 50 at 2), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Wynne's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Wynne waives it, or if the proposed modification is favorable to him and the United States does not object. The early termination of Mr. Wynne's supervised release is obviously favorable to him, and the United States did not object. (Doc. 49 ay 1.) Accordingly, the Court will dispose of this matter without a hearing.

offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Wynne's remaining term of supervised release. Mr. Wynne has served approximately 25 months of his required three-year term of supervised release, and he has had no violations. (Doc. 50 at 1.) Officer Hogan reported that Mr. Wynne's performance while on supervision has been "excellent." (*Id.*) The motion states that Mr. Wynne maintains full-time employment at Beacon Tire in Polson, that Mr. Wynne's mother believes he has grown as a person and is committed to fatherhood, and that he is working towards buying a house. (Doc. 50 at 4.) The letters filed in support of the motion indicate that Mr. Wynee is a valued and dependable employee, that he is committed to his family and has their support,

and that takes his personal growth seriously. (Docs. 50-1, 50-2.) The Court concludes that the § 3553(a) factors support early termination of his term of supervised release. The Court wishes Mr. Wynne the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 49) is GRANTED.

IT IS FURTHER ORDERED that Mr. Wynne's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 13th day of October.

Dana L. Christensen, District Judge
United States District Court